**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**CHARLES AUTERBRIDGE, IV,**                    CASE NO. 3:25 CV 2364

      Plaintiff,

      v.                                      JUDGE JAMES R. KNEPP II

**CEDRIC DAVIS, et al.,**

                                             **MEMORANDUM OPINION AND**
      Defendants.                             **ORDER**

### BACKGROUND

This is a *pro se* and *in forma pauperis* prisoner civil rights action filed by Plaintiff

Charles Auterbridge, IV, an Ohio prisoner currently incarcerated in the Toledo Correctional

Institution. (Doc. 1). The pleading Plaintiff filed in the case consists of nearly 300 pages. It

includes five separate form complaints interspersed with pages of unnumbered, unclear

statements and allegations as well as an incomprehensible assortment of affidavits, institutional

complaints, and pleadings in other cases. *See* Doc. 1, Docs. 1-1 to 1-26. In an accompanying

Motion for Appointment of Counsel, Plaintiff states he seeks to raise "5 different issues" against

"a total of 24 defendants" pertaining to conditions and events allegedly existing or occurring

over years at "two different correctional institutions." (Doc. 3, at 2). In fact, it appears that

several of Plaintiff's five complaints pertain to events or conditions at the Southern Ohio

Correctional Facility, located in the Southern District of Ohio where Plaintiff was previously

incarcerated and where Defendants in those cases are also located.

Upon review, the Court dismisses this case without prejudice pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A.

**STANDARD OF REVIEW AND DISCUSSION**

Although *pro se* complaints are entitled to liberal construction and generally held to more lenient standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet still basic pleading requirements, and courts are not required to "conjure allegations" or construct claims on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) District courts are expressly required, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to screen all *in forma pauperis* complaints filed in federal court, and all complaints in which prisoners seek redress from governmental defendants, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B) and 1915A).

The Court finds that Plaintiff's action warrants *sua sponte* dismissal. First, under the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Additionally, a complaint's allegations must be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Plaintiff's pleading, consisting of multiple form complaints and nearly 300 pages of attached materials and exhibits, does not set forth a "short and plain statement" of his claims. Additionally, his claims are not set forth in numbered paragraphs limited to a single set of circumstances. Instead, his pleadings are convoluted, unwieldy, voluminous, and indecipherable. It is impossible for the Court (or Defendants) to parse Plaintiff's hundreds of pages of pleadings and exhibits to ascertain specific allegations of wrongful conduct and legal claims against each of the 24 named Defendants. A plaintiff's *pro se* status does not relieve him of the requirements of federal pleading rules. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

The Court finds that Plaintiff's pleadings warrant dismissal for violation of federal pleading requirements. *See, e.g.*, *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (holding that district courts act within their discretion in dismissing complaints under Rule 8 that are "needlessly long," "highly repetitious," "confused," or consist of "incomprehensible rambling," and stating that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1217 (3d ed. 2010)); *see also Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 508–09 (7th Cir. 2001) (stating that district court could have dismissed a 116–page complaint for failure to comply with Federal Civil Rule 8 where the complaint set forth "in tedious and difficult-to-follow detail" every request for medical attention while in custody and contained allegations "relating to numerous different incidents and defendants"); *Banks v. Doe*, 523 F. App'x 503, 504-05 (10th Cir. 2013) (affirming *sua sponte* dismissal of action for non-compliance with Rule 8 where plaintiff's 91-page amended complaint was based on "numerous

3

instances of allegedly illegal and unconstitutional treatment while he was housed in different detention facilities").

Further, although prisoners are permitted to assert multiple claims against multiple parties in a lawsuit, the claims a prisoner asserts must arise out of the same transaction or occurrence and present common questions of law or fact. *See Shivers v. Johnston*, 2022 WL 16706842, at *3 (W.D. Mich.). "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s]" but also because the Prison Litigation Reform Act ("PLRA") limits "to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Allowing a prisoner to proceed with unrelated claims against multiple defendants in a single action – as Plaintiff seeks to do here by filing five different complaints in this case – would allow him to circumvent the fee requirements of the PLRA. *See id.*; *see also Shephard v. Edwards*, 2001 WL 1681145, at *1 (S.D. Ohio) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision").

**CONCLUSION**

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this case is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and it is

4

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2026